[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 27, 2006
THOMAS K. KAHN
CLERK

No. 06-12637
Non-Argument Calendar

_____

Agency No. A97-129-718

GUO RUI SHI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 27, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Guo Rui Shi, a native and citizen of China, petitions for review of the denial

of asylum, withholding of removal, and Convention Against Torture relief by the Immigration Judge and Board of Immigration Appeals (BIA). Because substantial evidence supports the Immigration Judge's findings that Shi's testimony was not credible and he failed to establish past persecution or a well-founded fear of future persecution, we deny the petition.

## I. BACKGROUND

Shi entered the United States at Miami International Airport on March 18, 2003, without valid entry documents. He was taken into custody by U.S. Immigration and Customs Enforcement and told officials that he wished to apply for asylum because he had been arrested ten times in China for selling Falun Gong materials at his bookstore and for fighting, and he feared he would be jailed if he returned to China. He also stated that he had no family in the United States and had arrived from France. In his credible fear interview one week later, Shi reiterated his Falun Gong story and conceded removability.

Shi filed his asylum application in June 2003 and stated that he feared being jailed or sterilized should he return to China. Shi alleged that Chinese family planning officers had forced his wife to have an intrauterine device (IUD) inserted after she gave birth to their first child in 1999, she was forced to have an abortion when she became pregnant again, and they now had two children. His wife and

children remained in China.

At his asylum hearing, Shi testified that he had three children, including a son born since he filed his asylum application, and he had a brother in New York. Several months after his wife's IUD was forcibly inserted, Shi and his wife went to a doctor to have the IUD removed, and they received notices and paid fines because his wife did not appear for IUD checkups. When his wife became pregnant again in 2000, Shi was taking their youngest daughter to his parents' home when he was detained by family planning officers and his wife was taken to have an abortion. Shi left China because his wife was pregnant again and he feared she would be sterilized. He learned that she had been sterilized in January 2004. Shi traveled to the United States through Switzerland and Nigeria and had said that he was a Falun Gong member upon the instructions of his smugglers. Shi provided documentation from China in support of his application.

The Immigration Judge found that Shi was not credible because he lied about being arrested for selling Falun Gong materials, coming to the United States from France, and not having family in the United States; and he did not mention in his asylum application his third child, his detention by family planning officers, or his wife's sterilization. The Immigration Judge denied asylum and stated that Shi's application should also be denied as a matter of discretion because he failed to seek

asylum in Switzerland or France. The Immigration Judge denied withholding of removal and Convention Against Torture relief, and ordered removal to China. The BIA adopted and affirmed without opinion the decision of the Immigration Judge.

## II. STANDARD OF REVIEW

When the Board of Immigration Appeals expressly adopts the Immigration Judge's opinion, we review the opinion of the Immigration Judge "as if it were the BIA's." Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). We review the factual findings, including credibility findings, of the Immigration Judge under the highly deferential substantial evidence standard. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004); Al Najjar v. Ashcroft, 257 F.3d 1262, 1278 (11th Cir. 2001). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotation marks omitted).

## III. DISCUSSION

Shi argues that the Immigration Judge erred when it (1) found that Shi's testimony was not credible; (2) found that Shi had not shown past persecution or a well-founded fear of future persecution to establish eligibility for statutory asylum; and (3) denied withholding of removal and Convention Against Torture relief. All

4

three arguments fail. We address each argument in turn.

Shi argues that the adverse credibility finding of the Immigration Judge was not supported by substantial evidence. We disagree. The credibility determination was based primarily on the significant inconsistencies between Shi's asylum application and his statements in his airport and credible fear interviews. These were not "minor inconsistencies." Cf. Osorio v. INS, 99 F.3d 928, 931 (9th Cir. 1996). The Immigration Judge also cited the discrepancies in the identifying documents Shi provided and Shi's inability to explain the events surrounding his detention and his wife's abortion. Although the Immigration Judge incorrectly stated that Shi's asylum application was filed after the birth of his son and sterilization of his wife, Shi knew his wife was pregnant when he left China and did not include that information in the application. Substantial evidence supports the Immigration Judge's credibility determination, and we "may not substitute [our] judgment for that of the [Immigration Judge] with respect to credibility findings." D-Muhumed, 388 F.3d at 818.

Shi's remaining arguments also fail. Substantial evidence supports the Immigration Judge's finding that Shi failed to meet his burden of establishing eligibility for asylum because he did not demonstrate that he suffered past persecution or that he had a well-founded fear of future persecution. See Al Najjar,

5

257 F.3d at 1284-85; 8 U.S.C. § 1101(a)(42). Shi's identity documents were unreliable because the identification numbers did not match. Shi produced an abortion certificate, but the State Department Profile for China states that China issues abortion certificates only for voluntary abortions. The documentation of fines paid does not establish that Shi's wife was forced to undergo an abortion or that Shi resisted the assessment. See Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1203 (11th Cir. 2005). Shi submitted no corroborating evidence that his wife was sterilized after she gave birth to their son. The evidence does not compel us to reverse the Immigration Judge's determination that Shi failed to present specific and credible evidence of past or future persecution. Shi's failure to establish eligibility for asylum also forecloses his eligibility for withholding of removal and Convention Against Torture relief. Al Najjar, 257 F.3d at 1292-93, 1303.

## IV. CONCLUSION

Shi's petition is

**DENIED.**